IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:03-616-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Carlos Demond Robinson, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Carlos Robinson's ("Robinson") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the court summarily dismisses Robinson's § 2255 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The pertinent factual and procedural background is as follows. On May 26, 2004, after a jury trial, Robinson was found guilty of conspiracy to possess and possession with intent to distribute crack cocaine and cocaine, being a felon in possession of a firearm, and using and carrying a firearm during and in relation to a drug trafficking crime. Robinson's trial counsel was Scott Robinson. On December 17, 2004, Robinson was sentenced to 960 months' imprisonment. Robinson, represented by Melisa Gay ("Gay") and Mario Pacella ("Pacella"), then appealed the conviction and sentence on December 28, 2004. On March 22, 2007, the Fourth Circuit remanded the case pursuant to United States v. Booker, 543 U.S. 220, 220 (2005), for re-sentencing under the advisory guidelines. United States v. Robinson, No. 05-4028, 2007 WL 869159, at *7 (4th Cir. Mar. 22, 2007) (unpublished).

1

On June 18, 2007, at re-sentencing, based on the advisory sentencing guidelines, the court again imposed a 960-month sentence. Robinson was represented at re-sentencing by Gay and Pacella. On June 22, 2007, Robinson appealed the conviction and sentence. The Court of Appeals for the Fourth Circuit affirmed Robinson's conviction and sentence on February 14, 2008. United States v. Robinson, No. 07-4638, 2008 WL 398245, at *2 (4th Cir. Feb. 14, 2008) (unpublished). Robinson filed the instant § 2255 motion on October 2, 2008.

In his § 2255 motion, Robinson alleges that (1) the prosecutor sought a superceding indictment increasing the charges against Robinson after he replaced his court-appointed counsel; (2) the Government withheld exculpatory evidence from Robinson in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963); and (3) Robinson's counsel at trial, sentencing, and re-sentencing provided ineffective assistance of counsel in violation of the Sixth Amendment. (Robinson's § 2255 Mot. 8-11.)

## II. DISCUSSION OF THE LAW

### A. Vindictive Prosecution

Robinson raises the issue of vindictive prosecution for the first time in this § 2255 motion. "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the

2

novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Robinson has failed to show cause or prejudice.

"Courts have long held that the government's exercise of prosecutorial discretion is particularly ill-suited to judicial review . . . ." Speed Mining, Inc. v. Fed. Mine Safety & Health Review Comm'n, 528 F.3d 310, 318-19 (4th Cir. 2008) (internal quotations omitted). The "Government retains 'broad discretion' as to whom to prosecute . . . . [Therefore,] as long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring . . . generally rests entirely in [the prosecutor's] discretion." Wayte v. United States, 470 U.S. 598, 607 (1985) (internal citations omitted).

Robinson alleges that additional counts were added to his indictment after he exercised his constitutional right to have the counsel of his choice. See United States v. Williams, 47 F.3d 658, 661 (4th Cir. 1995) (explaining "[i]f a prosecutor brings additional charges after a defendant refuses to accept a plea bargain, a court cannot presume that the additional charges are an impermissible penalty for the defendant's refusal"); United States v. Goodwin, 457 U.S. 368, 369 (1982) (explaining there is no presumption of prosecutorial vindictiveness simply because a prosecutor sought a harsher indictment after a defendant asserted his right to a jury trial).

After review, the court finds that the Government's decision to seek a superceding indictment adding additional charges was within the prosecutor's discretion. Further, there is no evidence of vindictive prosecution. Therefore, Robinson cannot show that he has been

prejudiced. Hence, this claim is procedurally defaulted. Moreover, even if Robinson could show cause and prejudice, this claim fails on the merits.

### B. Exculpatory Evidence

In the instant § 2255 motion, Robinson alleges that the Government withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 (1963). According to Robinson, "[e]ven though the Government or one of its investigative arms had the recordings that were made [between a confidential informant and Robinson] it did not make them available to Scott Robinson, Robinson's trial attorney, or to [Robinson.]" (Robinson's Mem. Supp. § 2255 Mot.) Robinson requested a new trial raising this same issue in his Rule 33 motion filed on October 17, 2006 alleging (1) that there was newly discovered evidence and (2) the prosecution failed to disclose exculpatory evidence, mainly an audio recording of an alleged drug transaction. The court denied the motion for new trial on October 25, 2006, dismissing the motion without prejudice. Robinson subsequently filed a pro se appeal of the denial of the Rule 33 motion for new trial on December 4, 2006.

The Court of Appeals for the Fourth Circuit affirmed the court's denial finding no abuse of discretion and that the motion fails on the merits. United States v. Robinson, No. 06-7768, 2007 WL 1087781, *1 (4th Cir. Apr. 12, 2007) (unpublished). Robinson cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Consequently, Robinson is precluded from raising this issue in a § 2255 motion

### C. Ineffective Assistance of Counsel Claims

Robinson alleges five grounds supporting his ineffective assistance of counsel claims: (1) trial counsel failed to object to additional counts being added in the Superseding Indictment due to vindictive prosecution; (2) trial counsel failed to make specific requests for exculpatory evidence; (3) trial counsel failed to object to the court's charge to the jury on stipulations; (4) sentencing counsel failed to object to Robinson being sentenced under 18 U.S.C. § 924(c)(1)(C)(i); and (5) re-sentencing counsel failed to object during re-sentencing to the court's failure to state why a 960-month total sentence achieved the goals of 18 U.S.C. § 3553(a) any better than an 840-month total sentence.

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Robinson must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to prove prejudice, Robinson must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

### 1. Vindictive Prosecution & <u>Brady</u> Material

As to Robinson's two claims for ineffective assistance of counsel based on vindictive prosecution and failure to disclose Brady material, these claims are without merit, for the reasons discussed above in parts (A) and (B).

### 2. Stipulations

Robinson alleges that trial counsel's failure to object to the court's jury charge on stipulations was ineffective assistance of counsel. During trial, Robinson agreed to stipulate that Robinson was a convicted felon and that the firearms he possessed traveled in interstate commerce. (Robinson's Mem. Supp. § 2255 Mot. 6.)

This court instructed the jury:

> When the attorneys on both sides stipulate or agree to the existence of a fact, then you must accept that stipulation as evidence and regard that fact as proved.
>      . . . .
> In order to convict [Robinson] of possession of a firearm by a convicted felon the government must prove three elements beyond a reasonable doubt. First, that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year and his civil rights have not been restored; second, that he knowingly possessed a firearm; and third that the firearm was in or affected interstate commerce.
>
> The first element requires proof that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. And the defendant stipulates, and therefore you can accept it as having been proved, that the defendant was a felon, a convicted felon. And I instruct you in this connection that the prior conviction is an element of this charge is -- as an element of this charge it's only to be considered by you for the fact that it exists and for nothing else. You are not to consider it for any other purpose. You may not consider the prior conviction in deciding whether it is more likely not -- than not that the defendant was in knowing possession of a firearm.
>      . . . .

> This third element of this offense, the interstate commerce connection, the parties stipulate that the firearm--that the firearms in the indictment traveled at some time in interstate commerce, so that element has been met.

(Tr. Trans. at 365; 377-79) "The usual instruction regarding stipulations in a criminal case [read as follows:] 'When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard the fact as proved.'" Old Chief v. United States, 519 U.S. 172, 200 (1997). The court's jury charge accurately charged the jury. Accordingly, Robinson's counsel was not constitutionally ineffective for failing to object to the jury charge on this basis. Further, Robinson is unable to prove that but for the jury being instructed in this manner, the outcome of the case would have been different. Accordingly, this claim is without merit.

### 3. 18 U.S.C. § 924(c) Charge

Robinson also alleges that his sentencing counsel was ineffective for failing to object to Robinson being sentenced under 18 U.S.C.§ 924(c)(1)(C)(i) because the jury never determined facts beyond a reasonable doubt to support him being sentenced under this section. 18 U.S.C. § 924(c)(1)(C)(i) states, "In the case of a second or subsequent conviction under this subsection, the person shall be sentenced to a term of imprisonment of not less than 25 years." According to Robinson, the jury should have been instructed that they had to find beyond a reasonable doubt that Robinson had previously been convicted under this subsection in order to enhance his sentence to a minimum of 25 years. This argument is without merit. The second or subsequent conviction provision in § 924(c)(1)(C) is not an element of the offense.

"Section 924(c) provides . . . that a defendant's 'second or subsequent conviction' for using a firearm during a crime of violence triggers a mandatory minimum of 25 years in prison." United States v. Hatcher, 501 F.3d 931, 934 (8th Cir. 2007). Section 924(c)(1)(C) "is a sentencing factor rather than an element of an offense." Id. As such, Robinson's claim that his counsel was constitutionally ineffective for failing to object on this basis is without merit.

### 4. Re-sentencing

Lastly, Robinson asserts that counsel's failure to object during re-sentencing to the 960- month sentence was ineffective assistance of counsel. In Robinson's appeal submitted to the Fourth Circuit on June 22, 2007, the Fourth Circuit concluded that his 960-month sentence reasonably falls within the applicable statutory range. Robinson, No. 07-4638, 2008 WL 398245, at *2. Further, the Fourth Circuit explained that this court properly considered the factors set forth in 18 U.S.C. § 3553(a) in determining the sentence. Id. Robinson cannot "recast, under the guise of collateral attack, questions fully considered by this court." Boeckenhaupt, 537 F.2d at 1183. Moreover, Robinson's counsel was not constitutionally ineffective for failing to object to Robinson's re-sentencing. Thus, this allegation is also without merit.

It is therefore

**ORDERED** that Robinson's § 2255 motion, docket number 220, is summarily dismissed.

**IT IS SO ORDERED.**

                                                    s/Henry M. Herlong, Jr.
                                                    United States District Judge

Greenville, South Carolina
October 27, 2008

## NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal <u>this order</u> within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.