IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:03-616-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Carlos Demond Robinson, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant Carlos Demond Robinson's ("Robinson") motion for a sentence reduction pursuant to § 404 of the First Step Act, Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194, and motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 26, 2004, after a jury trial, Robinson was found guilty of conspiracy to possess and possession with intent to distribute crack cocaine and cocaine in violation of 21 U.S.C. § 841(b)(1)(A) ("count 1"), two counts of possession with intent to distribute 50 grams or more of crack cocaine and a quantity of cocaine in violation of 21 U.S.C. § 841(b)(1)(A) ("counts 2 and 5"), two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) ("counts 4 and 7"), and two counts of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("counts 3 and 6"). On December 17, 2004, Robinson was sentenced as a career offender to 960 months' imprisonment, which included a 360-month sentence on the drug charges, 120-month concurrent sentence on the felon in possession charges, and two consecutive 300-month sentences on the § 924(c) convictions. Robinson appealed his conviction and sentence on December 28, 2004. On March 22, 2007, the Fourth Circuit remanded the case pursuant to United States v. Booker, 543 U.S.

220, 245 (2005), for re-sentencing under the advisory United States Sentencing Guidelines ("U.S.S.G.") United States v. Robinson, No. 05-4028, 2007 WL 869159, at *7 (4th Cir. Mar. 22, 2007) (unpublished).

At re-sentencing on June 18, 2007, the court again imposed a 960-month sentence based on the advisory sentencing guidelines. On June 22, 2007, Robinson appealed the conviction and sentence. The Fourth Circuit affirmed Robinson's conviction and sentence on February 14, 2008. United States v. Robinson, No. 07-4638, 2008 WL 398245, at *2 (4th Cir. Feb. 14, 2008) (unpublished). In the instant motion, filed on September 12, 2019, Robinson argued that he is entitled to a sentence reduction pursuant to the First Step Act. (Mot. Reduce, ECF No. 412.) The court denied the motion on September 16, 2019, finding that Robinson is not entitled to relief on his § 924(c) convictions because the First Step Act specifically provides that the provisions related to stacking of § 924(c) convictions are not retroactive. (Sept. 16, 2019 Order, ECF No. 413.);Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194, 5222. Robinson appealed, and the Fourth Circuit dismissed and remanded for consideration of Robinson's request for relief under § 404 of the First Step Act. United States v. Robinson, No. 19-7373, 2020 WL 1027809, at *1 (4th Cir. Mar. 4, 2020) (unpublished). The court ordered the Government to respond to Robinson's motion on March 7, 2019. (Mar. 7, 2019 Order, ECF No. 434.) Robinson filed a memorandum in support on May 5, 2020. (Mem. Support, ECF No. 435.) After receiving an extension, the Government filed a response on June 5, 2020. (Resp., ECF No. 442.) This matter is now ripe for consideration.

## II. Discussion of the Law

### A. First Step Act

The Fair Sentencing Act of 2010 reduced the sentencing disparity between cocaine base and powder cocaine offenses. Pub. L. No. 111-220, August 3, 2010, 124 Stat. 2372. Robinson's sentence has not been previously reduced under the Fair Sentencing Act. However, the First Step Act made the Fair Sentencing Act retroactive, and thus applicable to Robinson. Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194.

With the benefit of the First Step Act, Robinson's mandatory minimum on counts 1, 2, and 5 is reduced from twenty years' imprisonment to ten years' imprisonment. Further, the supervised release term is reduced from ten years to eight years. However, Robinson's guideline range under the U.S.S.G. was not impacted by the reduced mandatory minimum and remains unchanged. Robinson's total offense level is 37 and his criminal history category is VI, which provides for a guideline rage of 360 months to life. Further, the two 924(c) convictions provide a statutory mandatory minimum of 300 months' consecutive imprisonment on each count.

Robinson argues that he should receive a full resentencing hearing. (Mem. Supp. 11-14, ECF No. 435.) The Government concedes that Robinson is eligible for a reduced term of supervised release, but submits that he is not entitled to a full resentencing hearing. In addition, the Government contends that Robinson's sentence should not be reduced. (Gov't Resp. 4-7, ECF No. 442.)

Section 404(b) of the First Step Act provides that

> [a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government,

> or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010. . . were in effect at the time the covered offense was committed.

Pub. L. No. 115-391, December 21, 2018, 132 Stat 5194.  Further, section 404(c) provides that

> [n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.  Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Id.  Relief under the First Step Act is discretionary.  See id. (providing that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section")).  The Fair Sentencing Act and the First Step Act do not specifically provide for a full resentencing hearing.  Further, the First Step Act does not discuss the U.S.S.G.  Instead, the First Step Act merely provides that the court may "impose a reduced sentence" as if the Fair Sentencing Act was "in effect at the time the covered offense was committed."  Id.

Robinson is not entitled to a full resentencing hearing because any relief obtained under 18 U.S.C. § 3582(c)(1)(B) "does not affect the finality of the original underlying sentence and judgment."  United States v. Shelton, Cr. No. 3:07-329 (CMC), 2019 WL 1598921, at *3 (D.S.C. Apr. 15, 2019) (unpublished) (citing United States v. Sanders, 247 F.3d 139, 142-43 (4th Cir. 2001) (explaining "[t]he plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment."); United States v. Wirsing, 943 F.3d 175, 181 n.1 (4th Cir. 2019) ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing.").  Based on the foregoing, Robinson is not entitled to a full resentencing hearing on his motion.

However, irrespective of whether the applicable U.S.S.G. range is lowered, the Fair Sentencing Act allows for consideration of a reduced sentence when application of the Fair Sentencing Act results in a lower statutory range. Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194 ("A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010. . . were in effect at the time the covered offense was committed."). Thus, although Robinson's guideline range did not change, he may be considered for a reduced incarceration sentence under the First Step Act because application of the Fair Sentencing Act results in a reduced statutory mandatory minimum.

The court has fully considered Robinson's motion, memorandum in support of his motion to reduce, and the Government's response in opposition. Further, the court has

considered all of the 18 U.S.C. § 3553(a)[1] factors in deciding whether to reduce Robinson's sentence.

Robinson's offenses in the instant case are serious, involving firearms and drugs. In addition, he has a significant and lengthy criminal history involving drugs, firearms (including a prior § 924(c) conviction), armed robbery, and assault and battery of a high and aggravated nature. However, the court finds that a sentence of less than 960-months imprisonment

---

[1] 18 U.S.C. § 3553(a) provides as follows:
(a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . ;
(5) any pertinent policy statement--(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

sufficiently reflects the seriousness of Robinson's offenses and accounts for his significant and serious criminal history. Therefore, the court grants Robinson's motion to reduce under § 404 of the First Step Act. The court will reduce Robinson's sentence to 601 months' imprisonment. The court believes that this sentence reflects just punishment and adequately reflects the seriousness of his offenses. In addition, this sentence will adequately protect the public and promote deterrence for criminal conduct. Further, the Government agrees that Robinson's term of supervised release should be reduced from ten to eight years. Based on the foregoing, the court reduces Robinson's sentence to 601 months' imprisonment. This term consists of 1 month on each of counts 1, 2, and 5 to be served concurrently to each other; 1 month on each of counts 4 and 7 to be served concurrently to each other and to the term imposed on counts 1, 2, and 5; 300 months on count 3 to be served consecutively to the term imposed on counts 1, 2, 4, 5, and 7; and 300 months on count 6 to be served consecutively to the imprisonment term imposed on counts 1, 2, 3, 4, 5, and 7.[2] This term of imprisonment is followed by an 8-year term of supervised release.

### B. Compassionate Release

With respect to Robinson's motion to reduce sentence pursuant to 18 U.S.C.

---

[2] As the court found previously on September 16, 2019, which the court reaffirms and incorporates herein, the First Step Act specifically provides that the amendments to § 924(c) only "apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Pub. L. No. 115-391, December 21, 2018, 132 Stat. 5194, 5222. Therefore, the stacking provisions in the First Step Act do not apply to Robinson. Further, the court notes that even if the stacking provisions in the First Step Act applied to Robinson, the sentence on the § 924(c) convictions would be the same because when Robinson was convicted in the instant case, he had a prior § 924(c) conviction. (Presentence Investigation Report ¶ 63.)

§ 3582(c)(1)(A)(i) for compassionate release, this motion is dismissed without prejudice for failure to exhaust. Section 3582(c)(1)(A) provides that the court

> may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The Sentencing Commission's policy statement is contained in the United States Sentencing Guideline ("U.S.S.G.") § 1B1.13. Section 1B1.13 note 4 states that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community." Further, U.S.S.G. § 1B1.13 note 1 provides:

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (A) Medical Condition of the Defendant.--
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is–
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant.–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the

> aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances.–
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Robinson requests relief, arguing that extraordinary and compelling reasons warrant a reduction based on the § 924(c) stacked sentences that he received, he is no longer a danger to the community, and the 18 U.S.C. § 3553(a) factors support a reduction in his sentence. (Mem. Supp. 17, ECF No. 435.)

The court, on motion of a defendant after (1) fully exhausting administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on his behalf, or (2) the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier, may reduce the term of imprisonment. 18 U.S.C. § 3582(c)(1)(A)(i). The statute mandates that Robinson exhaust administrative remedies prior to seeking relief in this court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion."); United States v. Monzon, No. 99cr157(DLC), 2020 WL 550220, at *2 (S.D. N.Y. Feb. 4. 2020) (unpublished) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

Robinson admits that he has not exhausted his administrative remedies under

§ 3582(c)(1)(A)[3], arguing that exhaustion is futile, subjects Robinson to undue prejudice, and the BOP lacks the capacity to grant relief. (Mem. Supp. 18, ECF No. 435.) The court disagrees. The BOP "stands in the best position to determine an inmate's suitability for release." United States v. Feiling, Criminal No. 3:19cr112 (DJN), 2020 WL 1821457, at *6-7 (E.D. Va. Apr. 10, 2020) (unpublished) (finding that COVID-19 threat was "insufficient grounds to waive the exhaustion requirement, especially when the BOP has shown its ability and willingness to seriously consider requests. . . ."). "[F]utility as a ground for excusing exhaustion of administrative remedies is generally applied where the remedy, while 'technically available' is 'practically speaking, incapable of use.'" United States v. Carr, Case No. 1:13CR00034-001, 2020 WL 2847633, at *4 (W.D. Va. June 2, 2020) (quoting Williams v. Priatno, 829 F.3d 118, 126 (2d Cir. 2016)). "The [BOP's] expertise and access to necessary information about defendants makes it uniquely situated to handle compassionate release decisions. The court may of course review those judgments, but the Congress expressed its clear intent that such review would come second, with the benefit of the BOP's initial assessment." United States v. Funderburk, Cr. No. 5:17-00113, 2020 WL 3001669, at *2 (S.D.W. Va. June 4, 2020) (unpublished) (internal quotation marks and citation omitted). There is no reason preventing Robinson from exhausting his administrative remedies as required. Further, based on the record, there is no evidence of any undue prejudice to Robinson in requiring exhaustion. Because the BOP has not brought this motion, and Robinson has not exhausted his

---

[3] Defendant must first apply to his Warden, and, if he receives a denial within 30 days, must appeal the Warden's denial to the Regional Director within 20 days and continue to appeal any denial until his administrative remedies are exhausted. See 28 CFR part 542, subpart B. If the Warden does not act on the request within 30 days from its receipt, Defendant may reapply to this court.

administrative remedies, his motion for sentence reduction based on compassionate release is denied without prejudice. It is therefore

**ORDERED** that Robinson's motion, docket number 412, is granted in part and denied in part as set out.

**IT IS SO ORDERED.**

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

June 10, 2020
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Movant is hereby notified that he has the right to appeal this order within fourteen (14) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.