IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.  6:03-0616-HMH-1 |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Carlos Demond Robinson, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Carlos Demond Robinson's ("Robinson") self-styled "Motion to Reopen the Section 404 Proceedings."  For the reasons below, the court construes Robinson's motion as an unauthorized successive 28 U.S.C. § 2255 motion and dismisses it for lack of jurisdiction.

## I. BACKGROUND[1]

In 2004, Robinson was convicted of various drug trafficking and firearms offenses and sentenced to 960 months' imprisonment.  (ECF No. 123.)  Following an appeal and remand for resentencing under the advisory Guidelines regime, the court again imposed a 960-month sentence.  (ECF No. 189.)  This sentence was affirmed on appeal.  United States v. Robinson, No. 07-4638, 2008 WL 398245 (4th Cir. Feb. 14, 2008) (unpublished).

Robinson filed his first motion to vacate in 2008.  (ECF No. 220.)  The court denied his motion, and the Fourth Circuit dismissed his appeal.  United States v. Robinson, No. 08-8465, 2009 WL 3651641 (4th Cir. Nov. 5, 2009) (unpublished).

---

[1] Given this case's lengthy history, the court recites only those events relevant to the pending motion.

1

In 2010, Robinson sought relief from judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 237.) Because the motion directly attacked his convictions, the Fourth Circuit construed Robinson's motion as an unauthorized successive § 2255 motion and dismissed his appeal. United States v. Robinson, No. 10-7197, 2011 WL 880761 (4th Cir. Mar. 15, 2011) (unpublished).

Robinson filed additional motions to vacate in 2011 and 2014, which were both summarily dismissed. (ECF Nos. 254, 284.)

In 2016, Robinson received authorization to file a successive § 2255 motion and moved to vacate his sentence in light of Johnson v. United States, 576 U.S. 591 (2015). (ECF Nos. 337, 342, 343.) The court denied Robinson's motion after determining that Johnson did not impact his status as a Guidelines career offender. United States v. Robinson, Cr. No. 6:03-616-HMH, 2016 WL 7496167 (D.S.C. July 18, 2016) (unpublished), appeal dismissed, 672 F. App'x 330 (4th Cir. Jan. 12, 2017) (unpublished).

In 2020, the court reduced Robinson's sentence from 960 months' to 601 months' imprisonment under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. (ECF No. 443.)

## II. Discussion

On March 20, 2024, Robinson filed the instant "Motion to Reopen the Section 404 Proceedings" to correct what he claims are "clear errors" in the court's amended judgment. (ECF No. 496.) Specifically, Robinson contends that his two firearms counts under 18 U.S.C. 924(c) are duplicitous and that his convictions on those counts violate the Double Jeopardy Clause. (Id. at 7-14.) Because Robinson is attacking the validity of his convictions and sentence, the court construes his motion as a § 2255 motion to vacate. See Scott v. United States,

2

761 F. Supp. 2d 320, 323 (E.D.N.C. 2011) ("It is the substance of the motion, not the label or name assigned to it by a pro se petitioner, that determines whether a court views the motion as arising under section 2255."); Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning. . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls.").

     Under § 2255(h), a federal prisoner may not bring a second or successive motion to vacate unless "a panel of the appropriate court of appeals" first certifies that the motion (1) contains "newly discovered evidence" of innocence or (2) relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court."  28 U.S.C. § 2255(h).  In this case, Robinson has already filed several § 2255 motions and did not obtain pre-filing authorization from the Fourth Circuit.  Consequently, the court lacks jurisdiction to consider his motion.  United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

### III. CONCLUSION

For the reasons stated above, Robinson's § 2255 motion, docket number 496, is **DENIED**. The court declines to issue a certificate of appealability because Robinson has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

Greenville, South Carolina
April 11, 2024

### NOTICE OF RIGHT TO APPEAL

Robinson is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.