IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

United States of America,               )
                                        )      Cr. No.  6:03-0616-HMH-1
                                        )
                vs.                     )      **OPINION & ORDER**
                                        )
Carlos Demond Robinson,                 )
                                        )
                        Movant.         )

     This matter is before the court on Carlos Demond Robinson's ("Robinson") motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).  Rule 59(e) relief may be granted only "if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice."  Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 407 (4th Cir. 2010).  Robinson fails to satisfy this standard.

     Robinson argues that the court improperly "turn[ed] [his] attempt to obtain a complete and meaningful review of the merits of his claims for relief under Section 404 of the First Step Act into a Section 2255 [m]otion."  (Rule 59(e) Mot. 2, ECF No. 503.)  However, the claims Robinson raised in his self-styled "Motion to Reopen the Section 404 Proceedings" clearly challenge the validity of his 18 U.S.C. § 924(c) convictions.  Section "2255 is the exclusive method of collaterally attacking a federal conviction or sentence," and "a criminal defendant is foreclosed from the use of another mechanism . . . to sidestep § 2255's requirements."  United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022); Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning.").

In addition, because Robinson has already filed several § 2255 motions and did not obtain pre-filing authorization, the court did not err in construing his motion as a § 2255 motion without providing him notice, United States v. Brown, No. 05-6224, 2005 WL 1140327, at *1 (4th Cir. May 12, 2005) (unpublished), or in dismissing the motion for lack of jurisdiction, United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

For these reasons, Robinson's motion, document number 503, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 22, 2024

**NOTICE OF RIGHT TO APPEAL**

Robinson is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

2